James A. Patten (ID #1191)
Molly S. Considine (ID #13800)
**PATTEN, PETERMAN, BEKKEDAHL & GREEN, P.L.L.C.**
2817 2nd Avenue North, Ste. 300
P.O. Box 1239
Billings, MT 59103-1239
Telephone (406) 252-8500
Facsimile (406) 295-9500
E-mail apatten@ppbglaw.com
mconsidine@ppbglaw.com

Attorneys for Debtor

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MONTANA

| | |
|---|---|
| IN RE:<br><br>MONTANA TUNNELS MINNG, INC.,<br><br>Debtor. | Case No. 2:22-bk-20132-BPH<br><br>**SECOND AMENDED CHAPTER 11 PLAN OF REORGANIZATION (SEPTEMBER 5, 2023)** |

MONTANA TUNNELS MINING, INC., Debtor and Debtor in Possession ("MTMI"), by and through counsel, James A. Patten and Molly S. Considine, hereby proposes the following Plan of Reorganization ("Plan") pursuant to Chapter 11 of Title 11, United States Code (hereinafter the "Bankruptcy Code" or the "Code").

### *INTRODUCTION*

The Plan is an operating plan that reorganizes and restructures MTMI's debts; MTMI will continue its business enterprise of developing and exploiting valuable hard rock mineral deposits. All proceeds to be received during the period of this Plan will come from the payments received from the operation of MTMI's business enterprises or from loan agreements. All payments to be made under this Plan will come from such sources.

## ARTICLE I: DEFINITIONS

As used in this Plan of Reorganization, the terms have the following definitions:

*Administrative Expenses*. Shall mean the US Trustee Quarterly Fees, Chapter 11 Trustee's fees, his attorney fees, staff paralegal fees, accounting fees, realtor commissions, closing costs, other professional fees incurred by the Estate and any other expenses incurred by MTMI as described in § 503(b) of the Code, for which MTMI or the professional will seek approval of compensation from the Bankruptcy Court as required under the Bankruptcy Code (this does not include US Trustee Quarterly Fees for which no approval is required).

*Affiliate*. Shall mean any entity which is defined as an affiliate of MTMI as described in § 101(2) of the Code. The affiliate entities are: (1) Black Diamond Holding, LLC which holds all equitable interests in Montana Goldfields Inc. (2) Montana Goldfields Inc. holds all equitable interests in (i) MTMI and (ii) Elkhorn Goldfields, Inc. (3) Goldfields Funding Partners, LLC. (4) MFPI. (5) Black Diamond Acquisition Partners. (6) Patrick Imeson.

*Allowed Claim*. Shall mean a claim: (a) in respect of which a proof of claim has been filed with the Court within the applicable period of limitation fixed by Rule 3003, or by an order of the Court, or by the terms of this Plan, in either case, as to which no objection to the allowance thereof has been interposed within the applicable period of limitation fixed pursuant to Rule 3003, by an order of the Court, or by the terms of this Plan or as to which any such objection has been determined by an order or judgment which is no longer subject to appeal and as to which no appeal is pending; or (b) which is set out and not claimed as unliquidated, contingent or disputed in Schedules D, E, or F of MTMI's bankruptcy schedules and as to which no proof of claim has been filed. The *Allowed Claims* shall not include un-matured or post-petition interest unless otherwise specifically stated in the Plan.

*Allowed Secured Claim*. Shall mean an *Allowed Claim* secured by a lien, security interest or other charge against or interest in property in which MTMI has an interest, or which is subject to set-off under §553 of the Bankruptcy Code, to the extent of the value (determined in accordance with §506 (a) of the Bankruptcy Code), or the interest of the holder of such *Allowed Claim* in MTMI's interest in such property or the extent of the amount subject to set off as the case may be.

*BLM*. Shall mean the U.S. Bureau of Land Management.

*Bonds*. Shall mean cash, indemnity, or property bonds provided to the DEQ by MTMI pursuant to §§ 82-4-313 and 338, M.C.A.

*Bonding Requirement*. Shall mean reclamation bonds required by the Montana Department of Environmental Quality pursuant to §§ 82-4-303 through 390, M.C.A. and any regulation adopted thereunder.

*Confirmation Date*. Shall mean the date upon which an order of confirmation of a chapter 11 plan is entered by the Court.

*Court*. Shall mean the United States Bankruptcy Court for the District of Montana in which MTMI's Chapter 11 case is pending and pursuant to which this *Plan* is proposed, or any court having competent jurisdiction hear to appeals thereon.

*DEQ.* Shall mean the Montana Department of Environmental Quality the regulatory authority for Mine Metal Reclamation, §§ 82-4-301 *et seq*., M.C.A.

*Effective Date.* Shall mean the timely occurrence of each of the following events no later than the date indicated : (i) placement of additional bonds with the DEQ in the amount of $1,500,000 by November 30, 2023; (ii) placement of additional bonds with DEQ in the amount of $1,500,000 by December 31, 2023; and (iii) placement of additional bonds such that the total

bonding required by the DEQ for the current disturbance of the "L-Pit" of $36,579,298 is fully placed by March 31, 2024.

*Federal Judgment Rate.* Shall mean the judgment rate of interest described in 28 U.S.C. §1961 as of the Confirmation Date.

*MNRDP*. Shall mean the Montana Natural Resources Damage Program.

*MTMI Mill Complex*. Shall mean the mills situated at the Montana Tunnels Mine site comprised of a 15,000 ton-per-day Mill (the "MTMI Mill") and an 800 ton-per-day Mill (the "Diamond Hill Mill").

*Order of Confirmation*. Shall mean the order entered by the *Court* confirming the *Plan* in accordance with the provisions of Chapter 11 of the Bankruptcy Code, which order is no longer subject to appeal and as to which no appeal is pending.

*Plan*. Shall mean this Chapter 11 Plan of Reorganization as amended or modified in accordance with the Code.

### ***ARTICLE II: MEANS FOR IMPLEMENTATION OF THE PLAN***

2.01. Generally. MTMI will continue (i) reclaiming certain lands previously disturbed by MTMI or its predecessors;(ii) securing financing or funding to mine the M Pit; (iii) pursuing credit or equity financing; (iv) securing bonding to comply with the DEQ's reclamation bonding requirements; and (v) the operation of the Diamond Hill Mill and associated infrastructure of the MTMI Mill Complex.

2.02. Financing. MTMI's parent, Montana Goldfields, Inc. will continue funding the MTMI plan by advancing funds from notes on a monthly basis as required by the plan. Montana Goldfield, Inc. may also complete a registration statement for an initial public offering, or in the

alternative, note or bond financing.. A portion of the funds received will used to collateralize additional bonding as required by the DEQ.

2.03. <u>Operating.</u> MTMI will continue to receive operating funds from Montana Goldfield, Inc. in the amount of $150,000 per month. Upon the provision of the additional required bonding, MTMI will lease the Diamond Hill Mill portion of the MTMI Mill Complex to affiliate Elkhorn Goldfields, Inc. for $275,000 per month; the rental income will, in part, fund the MTMI plan payments.

2.04. <u>Payment</u>. All creditors will be paid in full with interest under this Plan of Reorganization.

***ARTICLE III: UNCLASSIFIED CLAIMS FOR
ADMINISTRATIVE EXPENSES, PRIORITY CREDITORS,
EXPENSES AND THE PROVISION FOR PAYMENTS OF EACH***

3.01. <u>Administrative Expenses</u>. Any reasonable administrative expense of MTMI's Chapter 11 case allowed pursuant to § 503(b) of the Code and given priority by virtue of § 507(a) of the Bankruptcy Code shall be paid first after the Confirmation Date except any separately classified administrative expense; administrative expenses may include fees and costs of attorneys, accountants, economic and business consultants, appraisers, auctioneers, post-petition income taxes, the fees due to the U.S. Trustee and any administrative expense allowed by application of 11 U.S.C. § 503. No such administrative expense shall be paid until the amount thereof has been approved by an order of the Court, except U.S. Trustee's fees. Notwithstanding the foregoing, the fees due to the U.S. Trustee will be paid in full as they become due. The administrative expenses shall be fully paid no later than the Effective Date unless an allowed administrative claimant agrees to be paid on a date after the Effective Date.

3.02     Classification. The administrative fees are unclassified and are not allowed to accept or reject this Plan.

### ARTICLE IV: CLASSIFICATION AND IMPAIRMENT OF CLAIMS

The following claimants have been placed in the class indicated and the impairment of their claims are as noted:

4.01     Class I: Secured creditor Goldfields Funding Partners, LLC; IMPAIRED

4.02     Class II: Secured creditor Gordon Snyder as claims agent for noteholders; NOT IMPAIRED

4.03     Class III: Secured creditor Internal Revenue Service; IMPAIRED

4.04     Class IV: Secured creditor Jefferson County, Montana Treasurer; IMPAIRED

4.05     Class V:  Contingent claims of BLM, DEQ, and MNRDP ; NOT IMPAIRED

4.06     Class VI: Unsecured Priority Tax claimants, Montana Department of Revenue, Montana Department of Labor & Industry, Unemployment Insurance Contributions Bureau; IMPAIRED

4.07     Class VII: General Unsecured Claims; IMPAIRED

4.08     Class VIII: Affiliate General Unsecured Creditors Black Diamond Acquisition Partners, Black Diamond Holdings, Inc., Elkhorn Goldfields, Inc., and Patrick Imeson will be paid by the conversion of their claims into shares of Montana Goldfields ; IMPAIRED.

### ARTICLE V: PROVISIONS FOR PAYMENT OF CLAIMS

5.01.    Administrative Expenses. The allowed Administrative Expenses will be paid on or before the Effective Date of the Plan.

5.02.     Class I: Secured claimant Goldfields Funding Partners, LLC. Goldfields Funding Partners is an Affiliate. The Class I claimant holds a senior secured claim on the MTMI real property pursuant to §§ 15-17-101 *et seq*., M.C.A.; the value of the

secured claim is $6,390,280. The claim will be paid with interest at 8.5% through 60 monthly payments of $130,140.79 commencing 270 days after the Effective Date with the final payment in the amount of $1,229,537.67.

5.03. Class II: Secured claimant Gordon Snyder as claims agent for noteholders holds a secured claim on the property of MTMI securing the debt of Affiliate MFPI. The value of the Class II secured claim is $250,000. The claim will be not be paid through this Plan.

5.04. Class III: Secured claimant Internal Revenue Service. The Class III claimant holds a junior secured claim against the property of MTMI. The value of the Class III secured claim is $71,044. The claim will be paid with interest at 8.5% through 48 monthly payments of $1740.59 commencing January , 2024, with the final payment in the amount of $3108.97.

5.05. Class IV: Secured claimant Jefferson County, Montana Treasurer, holds a junior lien on the property of MTMI. The value of the Class IV secured claim is $3,110,505. The claim will be paid with interest at 10% through 48 monthly payments of $78,248.13 commencing January 4, 2024 with the final payment in the amount of $152,270.21.

5.06. Class V: Contingent Claims. The Class V claimants hold contingent claims for environmental remediation. The members of this class are the DEQ, U.S. Bureau of Land Management, and Montana Natural Resources Damage Program hold contingent claims which will survive the chapter 11 discharge and may be asserted in the future in the event: 1) MTMI fails to reclaim or remediate any disturbed land or water for which MTMI has liability under any environmental law, or 2) any reclamation or remediation does not fully address any claim for natural resource damages.

5.07. <u>Class VI</u>: Unsecured Priority Tax claimants, Internal Revenue Service and Montana Department of Labor & Industry, Unemployment Insurance Contributions Bureau. The Class VI claimants hold priority unsecured tax claims. The Class VI claims will be paid through 48 monthly payments in the amount of $2443.87 and the with the final payment in the amount of $3108.97 for the Internal Revenue Service and $880.66 with the final payment in the amount of $1230.55 for the Department of Labor & Industry commencing January 4, 2024.

5.08. <u>Class VII</u>: General Unsecured Claims. The Class VII claimants hold general unsecured claims. The Class VII claims will be paid, with interest at the Federal Judgment Rate as of the Confirmation Date, through 60 monthly payments commencing 90 days after the Confirmation Date for each Class VII claimant in the following amounts:

- Talex Commodities - $3562.01 (final payment - $4552.30)
- LD Construction - $4117.57 (final payment - $5261.79)
- NorthWestern Energy - $1175.11 (final payment - $1501.66)
- Energy West Resources - $27.18 (final payment – $34.95)
- Crowley Fleck - $354.37 (final payment - $453.03)
- Environmental Protection Agency - $12,342.60 (final payment - $8972.68)
- Tetratek - $434.74 (final payment - $553.40)
- Lloyd Mining Services - $2637.82 (final payment - $3370.71)
- Internal Revenue Service - $604.88 (final payment - $772.71)

5.09. <u>Class VIII</u>: Affiliate General Unsecured Creditors Black Diamond Acquisition Partners, Black Diamond Holdings, Inc., Elkhorn Goldfields, Inc., and Patrick Imeson will be

paid by the conversion of their claims into shares of Montana Goldfields Inc. at par value of the claims upon confirmation of or in advance of the initial public offering.

5.10. Interest Rates. All claims shall accrue interest as stated above as of the Date of Confirmation.

5.11. Retention of Liens. The holders of Class I, II, III, and V Secured Claims shall retain their liens, if any, until their claim secured by said lien is satisfied in accordance with this Plan or if disputed, until MTMI escrows the disputed claim amount in accordance with Paragraph 8.04.

5.12. Plan Default A default of this Plan shall occur in the event the Effective Date is not timely achieved. In such event, this case shall be dismissed immediately following the failure to timely achieve the Effective Date...

### *ARTICLE VI: EXECUTORY CONTRACTS AND UNEXPIRED LEASES*

6.01. MTMI hereby assumes pursuant to § 365(d)(1) of the Code all executory contracts, all unexpired personal property leases, and all unexpired real property leases existing as of the commencement of this case or whose entry was approved by the Court during the pendency of this case and not otherwise rejected in this Plan. Notwithstanding the foregoing, MTMI may, at any time prior to the Confirmation Date, amend this Article 6.01 and reject any executory contract or unexpired personal property or real property lease. Any such rejection shall be made by a motion presented to the Court in accordance with the Local Bankruptcy Court Rules and § 365(d)(2) of the Code. Any executory contract or unexpired personal property or real property lease rejected after the deadline to file a ballot accepting or rejecting this Plan shall be deemed to have cast a ballot rejecting this Plan in the amount of the estimated rejection damages.

# ARTICLE VII: MISCELLANEOUS PROVISIONS

7.01. Upon confirmation, all property of the Estate shall be re-vested with MTMI.

7.02. The Court shall retain jurisdiction of MTMI and its operations subsequent to confirmation of the Plan for the following purposes only:

    a. Allowing claims and hearing objections thereto;
    b. Resolving any adversary proceedings pending;
    c. Allowing and approving the payment of administrative expenses;
    d. Approving the sale of MTMI's property not in the ordinary course of business, including any sales free and clear of liens; and
    e. Any other matter reasonably necessary for the MTMI's implementation and consummation of this Plan.

7.03. All claimants identified in MTMI's Schedules D, E, or F as disputed, unliquidated, contingent, must have filed a proof of claim not later than the claims bar date. Claimants whose claims were not scheduled as disputed, contingent, or unliquidated, who do not file a proof of claim will be allowed a claim consistent with MTMI's bankruptcy schedules. All claimants asserting a Deficiency Claim must file a proof of claim no later than 60 days after the Confirmation Date. MTMI must file any objections to proofs of claim no later than 120 days after the Confirmation Date. MTMI may file an objection to a protective proof of claim filed by MTMI pursuant to Bankruptcy Rule 3004.

7.04. No claim marked on the Debtor's schedules D, E, or F as disputed, unliquidated, or contingent or a Deficiency Claim shall be paid unless a timely proof of claim is filed. If an objection is made to a proof of claim, any distribution otherwise payable under this Plan shall be stayed until a final order is entered with respect to the objection.

7.05. Stipulations with claimants may be filed which will modify the terms of this Plan if the stipulations so specify. Such stipulations are subject to approval by the Court under the authority of this provision are incorporated herein as if set forth in full and shall be binding upon

the parties to the stipulation upon confirmation of the Plan. Any discrepancy or inconsistency between the terms of this Plan and any stipulation filed pursuant to this provision and approved by the Court shall be resolved by resort to the stipulation, which shall control. Any such stipulation must comply with the provisions of F. R. Bankr. Pro. 3019(a).

7.06    MTMI reserves the right to object to any proof of claim already filed, scheduled on Schedules D, E, or F, or which will be filed in accordance with this Plan. MTMI reserves its claims against any creditor filing a proof of claim.

7.07. MTMI specifically reserves any claim or cause of action he may hold; however, any claim or cause of action asserted against any claimants herein must at least be asserted as an offset to any proof of claim to which an objection is asserted by MTMI.

### ARTICLE VIII: SATISFACTION OF INDEBTEDNESS AND INJUNCTION

8.01.  Except as otherwise expressly provided herein or by law, on and after the Effective Date, all holders of any claim or cause of action or any rights of any kind whatsoever against MTMI shall be enjoined from collecting any claims or pursuing any cause of action against MTMI as a Reorganized Debtor, with respect to any claim or cause of action or exercising any right, except as expressly allowed in this Plan assertable against MTMI. Such injunction shall be effective as to each claim, regardless of whether or not (a) the claim was scheduled; (b) a proof of claim was filed; (c) the claim is an Allowed Claim; or (d) the holder thereof voted to accept the Plan.

### ARTICLE IX - MISCELLANEOUS PROVISIONS

9.01.   Upon confirmation, MTMI shall be revested with all assets and shall retain all property during the term of the *Plan* as provided herein.  MTMI reserves any contingent or unliquidated claim it may hold against any claimant or third party whether identified on Schedule B, arising pre-petition, arising during the pendency of this case or before the *Effective Date*;

nothing in this Plan shall be construed to constitute a release or waiver of any claim held by the *MTMI*, whether by application of the doctrine of waiver, accord and satisfaction, or otherwise.

9.02. The *Court* shall retain jurisdiction of MTMI subsequent to the *Effective Date* for the following purposes only:

(a) Allowing claims and hearing objections thereto;

(b) Reserving any adversary proceedings pending;

(c) Allowing and approving the payment of administrative expenses; and

(d) Any other matter reasonably necessary for MTMI's implementation and consummation of this *Plan*.

9.03. All claimants identified in MTMI's' Schedules D, E, or F, as "disputed," "unliquidated," or "contingent" must file a proof of claim not later than the bar date or their claim shall be disallowed; claims not indicated to be "disputed," "unliquidated," or "contingent," will be treated as scheduled unless a timely proof of claim has been filed in which case the claim will be determined by the proof of claim. MTMI may file a protective proof of claim pursuant to Bankruptcy Rule 3004 for any claimant, including those not indicated on Schedules D, E, or F as "disputed," "unliquidated," or contingent." MTMI must file any objections to proofs of claim or to scheduled claims no later than 120 days after date of the *Effective Date*. MTMI may file an objection to a proof of claim filed by MTMI pursuant to Bankruptcy Rule 3004.

9.04. If an objection is made to a proof of claim or a portion thereof, any distribution otherwise payable under this *Plan* shall be stayed until a final order is entered with respect to the objection.

12

2:22-bk-20132-BPH Doc#: 75 Filed: 09/05/23 Page 12 of 16

9.05. Stipulations with creditors may be filed which will modify the terms of this *Plan* without further disclosure, provided the stipulations so specify and the modification complies with Rule 3019, F. R. Bankr. P.

9.06. MTMI specifically preserves any and all claims or causes of action they may hold specifically including any claims identified in Schedule A/B filed herein and claims asserted in any pending litigation; however, any claim or cause of action asserted against any claimant herein may also be asserted as an offset to any proof of claim to which an objection is asserted by MTMI.

9.07. On and after the *Effective Date*, MTMI and professionals whose employment has been approved by the Court shall be exculpated from any and all claims, except claims arising from willful misconduct or gross negligence, arising between the date of commencement of this case and the *Effective Date*. MTMI and professionals shall neither have, nor incur any liability to any Entity for any post-petition, pre-final decree act taken or omitted to be taken in connection with this case, or related to formulating, negotiation, soliciting, preparing, disseminating, confirming, or implementing the *Plan* or consummating the *Plan*, the Disclosure Statement, or any contract, instrument, release, or other agreement or document created or entered into in connection with the *Plan* or any other post-petition act taken or omitted to be taken in connection with or in contemplation of the restructuring or liquidation of the MTMI; provided that the foregoing "Exculpation" shall have no effect on the liability of any entity that results from any such act or omission that is determined in a final order to have constituted fraud or willful misconduct; provided, further, that each party subject to the exculpation provided hereby, shall be entitled to rely upon the advice of counsel concerning his, her, or its duties pursuant to, or in connection with, the Plan or any other related document, instrument, or agreement.

9.08. In the event of pending litigation, unresolved by a final, non-appealable order at pending litigation pending litigation the time of distribution on a proof of claim on account of a debt asserted as of the commencement of this case by an opposing party in the pending litigation, the satisfaction of the opposing party's claim shall not be deemed to preclude, waive, or in any fashion compromise, whether by the voluntary payment doctrine or other avoidance, the MTMI claim asserted in the pending litigation.

## ARTICLE X - SATISFACTION OF INDEBTEDNESS AND INJUNCTION

10.01. On and after the *Effective Date*, all holders of any claim or cause of action or any rights of any kind whatsoever against MTMI, specifically shall be enjoined from collecting any claims or pursuing any cause of action against MTMI, with respect to any claim or cause of action or exercising any right, except as expressly allowed in this *Plan* assertable against MTMI. Such injunction shall be effective as to each claim, regardless of whether or not (a) the claim was scheduled, (b) a proof of claim was filed, (c) the claim is an *Allowed Claim*, or (d) the holder thereof voted to accept the *Plan*.

10.02. In the event MTMI fails to obtain loan or initial public offering proceeds sufficient to provide the required bonding as determined by DEQ by the Effective Date, this case shall be immediately dismissed on motion of any party in interest including MTMI.

//

**DATED** this 5th day of September, 2023.

               **PATTEN, PETERMAN, BEKKEDAHL
                & GREEN, PLLC**
               2817 2nd Avenue North, Ste. 300
               P.O. Box 1239
               Billings, MT 59103-1239

               By:/s/*JA Patten*
                   James A. Patten
                   Attorney for MTMI


               **MONTANA TUNNELS MINING, INC.**


               By:/s/ *Patrick Imeson*
                   Patrick Imeson
                   Chief Operating Officer

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify, under penalty of perjury, that on the 5th day September, 2023, a copy of the foregoing was served by electronic means pursuant to LBF 9013-1(d)(2) on the parties noted in the Court's ECF transmission facilities and/or by mail on the following:

See mailing matrix
[The attached list will not be mailed
out to creditors but will be on file with
The United States Bankruptcy Court.
A copy will be provided upon request.]

By: */s/JA Patten*
For Patten, Peterman, Bekkedahl & Green, PLLC