James A. Patten (ID #1191)
Molly S. Considine (ID #13800)
**PATTEN, PETERMAN, BEKKEDAHL & GREEN, P.L.L.C.**
2817 2nd Avenue North, Ste. 300
P.O. Box 1239
Billings, MT 59103-1239
Telephone (406) 252-8500
Facsimile (406) 294-9500
Email: apatten@ppbglaw.com
mconsidine@ppbglaw.com

Attorneys for Debtor

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF MONTANA

| | | |
|---|---|---|
| IN RE: | ) | Case No. 2:22-bk-20132-BPH |
| | ) | |
| MONTANA TUNNELS MINING, INC., | ) | |
| | ) | |
| Debtor. | ) | |

**STIPULATION**

**MONTANA TUNNELS MINING, INC.,** Debtor and Debtor in Possession ("MTMI"), by and through counsel, James A. Patten, and **MONTANA DEPARTMENT OF ENVIRONMENTAL QUALITY** ("DEQ"), by and through counsel Steven M. Johnson, STIPULATE as follows:

1. The definition of "Effective Date" set forth in Article I of the Second Amended Chapter 11 Plan (ECF. No. 75), shall be revised as follows:

"*Effective Date.* Shall mean the timely occurrence of each of the following events no later than the date indicated: placement of additional bonds with the DEQ in the amount of

1

$1,500,000 by November 30, 2023; $1,500,000 by December 31, 2023; and the remaining outstanding bond for the current disturbance (L-Pit) by March 31, 2024. Pursuant to the proposed five-year bond determination issued by DEQ on September 12, 2023, the total bonding required by March 31, 2024, is $40,959,321, subject to a 30-day public comment period and the issuance of the final five-year bond determination by DEQ. MTMI shall have, and does reserve, all statutory and regulatory rights to comment upon and challenge the proposed five-year bond determination under applicable non-bankruptcy law."

2. DEQ withdraws its Motion to Modify Stay (ECF No. 69) and reserves the right to refile a motion seeking relief from the automatic stay.

3. In the event MTMI fails to achieve the Effective Date as defined in the proposed Chapter 11 Plan, including any of the interim bonding deadlines therein, DEQ may immediately and without approval of the Bankruptcy Court, order, direct, or compel a forfeiture of MTMI's bonds and take such further action as permitted by applicable non-bankruptcy law (including, without limitation, the Metal Mine Reclamation Act, Title 82, chapter 4, part 3, Montana Code Annotated and any administrative regulations promulgated thereunder ("MMRA")). This Stipulation, and the terms thereof, shall be binding and specifically enforceable in any court of competent jurisdiction and also in any subsequent bankruptcy case and DEQ shall be granted relief from the automatic stay, upon its motion, in order to exercise its rights as provided hereunder. Notwithstanding the foregoing, the DEQ may, in the exercise of its discretion, refrain from seeking relief from the automatic stay.

4. In the event of any conflict between the terms of the Debtor's Plan or Disclosure Statement, on the one hand, and the terms of this Stipulation, on the other hand, the terms of this Stipulation shall control.

5. Nothing in the Plan, in any amendments or supplements to the Plan, or in any Order Confirming the Plan discharges, releases, precludes, or enjoins: (i) any liability to any governmental unit as defined in 11 U.S.C. § 101(27) ("Governmental Unit") that is not a Claim; (ii) any Claim of a Governmental Unit arising on or after the Confirmation Date; (iii) any liability to a Governmental Unit under police and regulatory law that any entity would be subject to as the owner or operator of property after the Confirmation Date; or (iv) any liability to a Governmental Unit on the part of any Person other than the Debtors. Nor shall anything in the Confirmation Order or the Plan enjoin or otherwise bar any Governmental Unit from asserting or enforcing, outside this Court, any liability described in the preceding sentence.

6. Nothing in the Plan, or in any Confirmation Order divests DEQ or any tribunal of any jurisdiction it may have under police or regulatory law to interpret the Plan, this Stipulation, or the Confirmation Order.

7. Notwithstanding any provision in the Plan. in any Plan supplement or amendment, or in the Confirmation Order, regarding the reservation of preconfirmation or post-confirmation jurisdiction of the Bankruptcy Court, DEQ will not be required to enforce substantive requirements of the MMRA in the Bankruptcy Court. The Debtor agrees that DEQ can enforce applicable non-bankruptcy law outside the Bankruptcy Court. The Debtor agrees that DEQ maintains full authority to with respect to the bond increase and any other permitting matters under its police powers, and the Debtor agrees not to request the Bankruptcy Court to exercise jurisdiction over such matters or with regarding to any other issue under the MMRA.

8. Further, MTMI agrees that it may neither engage in contract milling nor operation of the ore concentrator under a proposed Plan, confirmed Plan or modified Plan until the bond is paid for the Montana Tunnels site in full

3

Dated this 19th day of September, 2023.

                        **PATTEN, PETERMAN, BEKKEDAHL & GREEN, P.L.L.C.**
                        2817 Second Ave. North, Suite 300
                        P.O. Box 1239
                        Billings, MT 59101

                        By: /s/JA Patten
                             James A. Patten
                             Attorney for Debtor

                        **JARDINE, BLEWETT, STEPHENSON & WEAVER, P.C.**
                        PO Box 2269
                        Great Falls, MT 59403-2269

                        By: /s/Steven M Johnson
                             Steven M. Johnson
                             Attorney for Mont. DEQ